**Wayne L. JONES, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 93–315.

United States Court of Veterans Appeals.

Nov. 14, 1994.

Harvey N. Monroe, Albuquerque, NM, was on the brief for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Richard Mayerick, Washington, DC, were on the brief, for appellee.

Before KRAMER, MANKIN, and IVERS, Judges.

MANKIN, Judge:

Wayne L. Jones (appellant) appeals a December 2, 1992, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement for service connection of glaucoma, and denying entitlement to an increased (compensable) rating for bilateral blepharoconjunctivitis. The appellant claims the BVA's decision is clearly erroneous, and that it erred in utilizing a treatise without providing him with proper notice or an opportunity to respond. The appellant claims additional error in that the Board failed to comply with its duty to assist. The VA contends, however, that the appellant did not submit well-grounded claims and that any error in the adjudication of his claims is harmless. We will vacate and remand the decision of the Board.

## I. Factual Background

The appellant had active service from April 3, 1968, to April 29, 1970, and, after discharge, based upon a VA examination, he was service connected in November 1970 for blepharoconjunctivitis with a noncompensable rating. To treat the appellant's blepharoconjunctivitis, the VA prescribed Neodecadron on July 15, 1970. In July 1990, the appellant submitted a claim for service connection of glaucoma which he claimed was related to his service-connected eye condition. In his claim the appellant stated, "I believe the glaucoma for which I am being treated is also service connected and related to my service-connected eye condition [blepharoconjunctivitis]." In support of his claim, the appellant submitted letters from two doctors diagnosing him with glaucoma, neither of which related that condition to his blepharoconjunctivitis. In an August 1990 rating decision, the regional office (RO) denied service connection for glaucoma because there was no medical evidence that it existed during service or within one year following service, and no medical evidence indicated that the glaucoma could be secondarily serviced connected as caused by the blepharoconjunctivitis.

In September 1990, the appellant requested an increased rating for his service-connected blepharoconjunctivitis. In support of the claim for an increased rating for blepharoconjunctivitis, the appellant submitted a medical report dated September 27, 1990, from Dr. William E. Hutton indicating that the appellant suffered from glaucoma. The report did not indicate that the appellant continued to suffer from blepharoconjunctivitis, or that the appellant's glaucoma was in any way related to the service-connected condition. An October 1990 rating decision denied the appellant's claim for an increased rating because no treatment for blepharoconjunctivitis was shown; the only medical evidence related to the appellant's non-service-connected glaucoma. The rating decision stated, "No new or material evidence is presented to establish an increase in the severity of the veteran's eye condition. Cont[inue] 0%."

In October 1990, the VA received the appellant's Notice of Disagreement (NOD) with the RO's determination regarding his claim for glaucoma and an increased rating for

blepharoconjunctivitis. The appellant provided additional evidence to substantiate his claim. This included records showing his glaucoma prescription history beginning on October 1, 1988, and two letters from Dr. Frank Cashwell discussing the appellant's glaucoma, but failing to relate in any way that glaucoma to the appellant's blepharoconjunctivitis. The appellant also submitted a second copy of the prescription history beginning on October 1, 1988, and a VA computer printout dated July 26, 1990, showing the appellant's clinic appointments, current medications filled by the VA, and his disabilities. The computer printout lists as the appellant's disability "disease of the eye, unspecified–0% (SC)."

The appellant filed his Form 1–9 in May 1991, perfecting his appeal to the Board as to both the glaucoma and increased rating issues. In his Form 1–9, the appellant requested a personal hearing before the Board. Prior to the Board hearing and based upon the evidence accompanying the appellant's NOD, a confirmed rating decision was issued in June 1991 denying service connection for glaucoma and an increased rating for blepharoconjunctivitis. In July 1991, the appellant appeared at his personal hearing before the Board. The appellant's representative argued that the appellant might have been treated for an eye condition shortly after October 1970, before the presumptive period for glaucoma expired, and that records of that treatment might be available. The appellant stated that the condition he was treated for in service manifested symptoms similar to those related to his glaucoma, and that he had been treated for an eye condition in the Winston–Salem, North Carolina, VA Medical Center (VAMC) and the Salisbury, North Carolina, VAMC. He also testified that he would provide additional evidence.

After the personal hearing, the appellant submitted additional evidence. He submitted pages from a medical treatise dealing with the effects of the drugs used to treat blepharitis. The treatise noted that steroidal drops are used to treat blepharitis, and that use of steroids must be closely monitored because it may cause glaucoma. Finally, the appellant submitted a statement that he be-

lieved his glaucoma was caused by his service-connected blepharoconjunctivitis "because of the method of treatment"; i.e., his blepharoconjunctivitis was treated with steroids, which caused his glaucoma.

The RO attempted to obtain VA records of treatment after May 1, 1970, from the Winston–Salem VAMC. However, no records were available. Nothing in the record indicates whether records were sought from the Salisbury VAMC. The hearing officer therefore denied service connection for glaucoma because there was no medical evidence of record that blepharoconjunctivitis can cause glaucoma, or that the appellant was treated with any steroidal medications which could cause glaucoma. The hearing officer also denied entitlement to an increased rating for blepharoconjunctivitis because "there has been no medical evidence submitted to show activity of the condition." The appellant's appeal was then certified to the Board.

On December 2, 1992, the BVA denied entitlement to service connection for glaucoma and an increased rating for bilateral blepharoconjunctivitis. The Board found that the glaucoma was first shown many years after service and was not shown to have been caused by blepharoconjunctivitis. The increased rating for blepharoconjunctivitis was also denied because no current activity of the condition was shown. The present appeal followed.

## II. Analysis

The appellant contends that his glaucoma should be service connected for two reasons. He asserts, first, that blepharoconjunctivitis can cause glaucoma, and, second, that medication prescribed by the VA and used by the appellant for his blepharoconjunctivitis caused his glaucoma. In response, the Secretary argues that the appellant's claim is not well grounded, and that it was error for the Board to consider the merits of the appellant's claims.

 In order to initiate a claim for veterans benefits, a claimant must submit a well-grounded claim. 38 U.S.C. § 5107. A well-grounded claim requires more than just an allegation; it requires that the claimant submit evidence that will " 'justify a belief by

a reasonable and impartial individual' that the claim is plausible." *Tirpak v. Derwinski,* 2 Vet.App. 609, 611 (1992). In situations where medical causation is the determinative issue, special rules apply.

> [W]here the determinative issue involves medical causation or a medical diagnosis, competent medical evidence to the effect that the claim is "plausible" or "possible" is required. A claimant would not meet this burden imposed by section 5107(a) merely by presenting lay testimony because lay persons are not competent to offer medical opinions. Consequently, lay assertions of medical causation cannot constitute evidence to render a claim well grounded....

*Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993) (citation omitted). In assessing whether a claimant has presented a well-grounded claim, this Court accords no deference to prior determinations, and the assessment is made *de novo. Grivois v. Brown,* 6 Vet.App. 136, 139 (1994).

### A. Service Connection of Glaucoma Secondary to Blepharoconjunctivitis

■ In the instant case, the appellant claims that his service-connected blepharoconjunctivitis was the cause of his glaucoma. However, the record clearly demonstrates that the only evidence in support of this claim is the appellant's unsubstantiated lay testimony. The appellant has presented no medical testimony or records indicating that his glaucoma was caused by the service-connected blepharoconjunctivitis. While the premise that glaucoma may be caused by blepharoconjunctivitis may or may not be proven, it is the province of a trained medical professional, not the appellant, to draw such a conclusion. *Grottveit,* 5 Vet.App. at 93. Therefore, as we held in *Grottveit,* the lay testimony of the appellant that his glaucoma was caused by his service-connected blepharoconjunctivitis is insufficient to support a claim of medical causation. *Id.* Accordingly, this claim is not well grounded.

■ The appellant claims that the Board violated *Thurber v. Brown,* 5 Vet.App. 119 (1993), by failing to provide him with notice of and an opportunity to respond to the Board's use of a treatise. The VA is required to process and the Board is required to adjudicate beyond the point of determining well-groundedness only those claims which are, in fact, well grounded. *See* 38 U.S.C. § 5107; *Tirpak,* 2 Vet.App. at 611; *Brammer v. Derwinski,* 3 Vet.App. 223, 225 (1992). The appellant did not present a well-grounded claim with regard to glaucoma as a secondary result of blepharoconjunctivitis, and so, in taking account of the rule of prejudicial error, 38 U.S.C. § 7261(b), we find that any error committed by the Board in this regard was harmless. The Court notes, however, that the Board is expected to comply with the Court's holding in *Thurber.*

### B. Glaucoma Secondary to Treatment for Blepharoconjunctivitis

■ With regard to this claim, the Court holds that the appellant has not presented a well-grounded claim. What the record reflects is that the appellant has contended that the treatment of his service-connected blepharoconjunctivitis caused his currently diagnosed glaucoma. The record further reflects that, while undergoing treatment for blepharoconjunctivitis at a VA medical center, the drug, Neodecadron, was prescribed. The record further reflects that prolonged use of steroidal medication may cause glaucoma. Because the record before us is silent as to the quantity and duration of the appellant's use of Neodecadron, the appellant's claim is not well grounded. *Grottveit v. Brown,* 5 Vet.App. 91, 93 (1993).

### C. Claim for Increased Rating

■ The appellant asserts that he is entitled to an increased rating for his service-connected blepharoconjunctivitis, which is currently rated as 0% disabling. A claim for an increased rating is a new claim, not a reopened claim. *Stanton v. Brown,* 5 Vet. App. 563, 565 (1993); *Proscelle v. Derwinski,* 2 Vet.App. 629, 631 (1992).

Section 5107 of 38 U.S.C. requires that a claimant submit a well-grounded claim as a predicate to obtaining veterans benefits. The statute does not distinguish between various types of claims by incorporating some into and exempting others from the

purview of its applicability. The statute simply states,

> Except when otherwise provided by the Secretary in accordance with the provisions of this title, a person who submits a claim for benefits under a law administered by the Secretary shall have the burden of submitting evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded.

38 U.S.C. § 5107(a). The only situations where it is "otherwise provided" that the well-groundedness requirement shall not apply is with regard to reopening disallowed claims and revising prior final determinations. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.105, 3.156 (1993).

This Court has specifically held that the new and material evidentiary requirements applying to the reopening of a claim do not apply to claims for an increased rating

> because the veteran claims that his service-connected disability has undergone an increase in severity *since* that prior claim.... The current claim is thus a new claim. It is not subject to the provisions of 38 U.S.C.... [§] 5108 prohibiting reopening of previously disallowed claims except upon new and material evidence.

*Proscelle*, 2 Vet.App. at 631–32. Thus, we held in *Proscelle* that because a claim for an increased rating is regarded as a new claim, it is subject to the well-groundedness requirement, and we further held that such burden is met when an appellant indicates that he has suffered an increase in disability. *Id.*

■ However, unlike *Proscelle*, where the ultimate issue was whether there was an increase in the same disease entity, the appellant here, in essence, seeks an increase based on his averment that this service-connected disease entity, i.e., blepharoconjunctivitis, has caused a new disease, i.e., glaucoma. We hold that where entitlement to an increase is predicated on a causal relationship between two different disease entities, a claimant, even though service-connected for one of the disease entities, must provide medical evidence of such causal relationship. *See Grottveit*, 5 Vet.App. at 93. Consequently, in the absence of such evidence, the appel-

lant's claim for an increase is not well grounded.

## III. Conclusion

Having considered the record, the appellant's brief and reply brief, and the Secretary's brief, the Court hold that the appellant has not presented a well-grounded claim for an increased rating for blepharoconjunctivitis or for service connection of glaucoma secondary to blepharoconjunctivitis or for service connection for glaucoma secondary to treatment for blepharoconjunctivitis. Accordingly, the Court VACATES and REMANDS the December 2, 1992, decision of the Board of Veterans' Appeals.