**Jose L. BARELA, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–677.

United States Court of Veterans Appeals.

Argued June 1, 1998.

Decided July 14, 1998.

(BVA or Board) which denied entitlement to service connection for alcohol and drug abuse, claimed to be secondary to the appellant's service-connected post-traumatic stress disorder (PTSD) with depression. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will reverse the decision of the BVA and remand the matter to the Board.

## I.

The appellant, Jose Barela, served on active duty in the U.S. Army from September 1967 to September 1969. R. at 43. In April 1988, the appellant filed a claim for service connection for PTSD. R. at 71. There was no reference at that time to alcohol or drug abuse. Following a VA examination in which no history of drug or alcohol abuse was noted (R. at 84–91), service connection was established for PTSD in a March 1989 VA regional office (RO) decision. R. at 93. An October 1991 VA clinical note documented alcohol consumption (R. at 128) and a January 1992 discharge summary noted continuous alcohol abuse and episodic marijuana abuse (R. at 132). The issue of entitlement to service connection for drug and alcohol abuse secondary to PTSD was first raised in a January 1994 Notice of Disagreement (NOD) from a November 1993 RO decision which had addressed other issues. R. at 314. In a January 1995 VA examination, the only statement regarding drug or alcohol abuse was from a history provided by the appellant that he could no longer drink or dance as he had done in the past. R. at 475. The claim was eventually denied in a March 1995 RO decision which found that service connection could not be granted for the alcohol abuse secondary to PTSD because it had preexisted service. R. at 816–20. Service connection for drug abuse secondary to PTSD was also denied as it was considered "willful misconduct." *Id.* An NOD was filed (R. at 851) and a Statement of the Case was issued (R. at 863–67). The appellant filed an appeal to the Board in April 1995. R. at 869.

In the decision on appeal, the Board stated that the payment of compensation for any disability that is the result of a veteran's

Kenneth M. Carpenter, Topeka, KS, for appellant.

Patricia Trujillo, with whom Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Jacqueline M. Sims, Acting Deputy Assistant General Counsel, Washington, DC, were on brief for appellee.

FARLEY, Judge:

This is an appeal from an April 3, 1997, decision of the Board of Veterans' Appeals

abuse of alcohol or drugs is statutorily prohibited for claims filed after October 31, 1990. *See* 38 U.S.C. § 1110, *as amended by* Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 8052, 104 Stat. 1388, 1388–1351. In so doing, the Board referred to VA General Counsel Precedent Opinion 2–97. The Board noted 38 C.F.R. § 3.310(a), which provides that a "[d]isability which is proximately due to or the result of a service-connected disease or injury shall be service connected. When service connection is thus established for a secondary condition, the secondary condition shall be considered a part of the original condition." However, the Board found that since "the authority to compensate for [a] secondarily service-connected disability [under 38 C.F.R. § 3.310] derives from 38 U.S.C.[ ] § 1110, determinations regarding secondary service connection are also subject to the prohibition against payment for alcohol and substance abuse disabilities." R. at 5. As a result, the Board concluded that "[s]ervice connection for alcohol and drug abuse, claimed as secondary to service-connected [PTSD] with depression, is prohibited by law." R. at 4. This appeal followed.

## II.

The Board framed the issue on appeal as "[e]ntitlement to service connection for alcohol and drug abuse, claimed as secondary to service-connected [PTSD] with depression." R. at 1. Purporting to follow this Court's guidance in *Sabonis v. Brown,* 6 Vet.App. 426 (1994), the Board found as a threshold matter that the "law is dispositive with respect to the veteran's claim." R. at 3. In its "CONCLUSION OF LAW," the Board specifically held that "[s]ervice connection for alcohol and drug abuse, claimed as secondary to service-connected [PTSD] with depression, is prohibited by law." R. at 4. The law which the Board found to be "dispositive" was 38 U.S.C. § 1110. It is this legal conclusion, and the consequent denial of the appellant's claim, which are presented for our review.

Section 1110 of title 38, U.S.Code provides, in pertinent part, as follows:

For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service, during a period of war, the United States will pay to any veteran thus disabled ... compensation as provided in this subchapter, *but no compensation shall be paid if the disability is a result of the veteran's own willful misconduct or abuse of alcohol or drugs.*

38 U.S.C. § 1110 (emphasis added); *see also* 38 U.S.C. § 1131 (basic entitlement statute for disabilities sustained during peacetime which also prohibits the payment of compensation for disability resulting from alcohol or drug abuse). The term "compensation" is defined for purposes of title 38 as "a monthly payment made by the Secretary to a veteran because of service-connected disability, or to a surviving spouse, child, or parent of a veteran because of the service[-]connected death of the veteran occurring before January 1, 1957." 38 U.S.C. § 101(13).

■ In its statement of reasons or bases for its findings and conclusions, the Board focused with precision upon the issue of *compensation* for disability resulting from alcohol or substance abuse. Indeed, the Board specifically stated: "Accordingly, compensation is prohibited for disabilities which are the result of alcohol or substance abuse whether the claim is based on direct service connection or, under 38 C.F.R. § 3.310(a), on secondary service connection." R. at 5. Had the Board stopped there, we would have been compelled to affirm its decision because that sentence is an accurate statement of the clear meaning of § 1110.

■ The appellant argues that this prohibition of § 1110 should not be construed as precluding compensation either for (1) disability due to abuse of alcohol or drugs which is secondarily service connected pursuant to 38 C.F.R. § 3.310(a) or (2) an increase in his rating for service-connected PTSD based on manifestations of PTSD symptomatology, i.e., alcohol or drug abuse. However, the language of 38 U.S.C. § 1110, as amended by the Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, § 8052, 104 Stat.

1388, 1388–1351, is clear and unambiguous: "[*N* ]o compensation shall be paid if the disability is a result of the veteran's ... abuse of alcohol or drugs." (Emphasis added.) The word "no" is clear and unequivocal; it brooks no exceptions or limitations. As this Court has stated previously and often, "[w]here a statute's language is plain, and its meaning clear, no room exists for construction. There is nothing to construe." *Gardner v. Derwinski*, 1 Vet.App. 584, 587–88 (1991), *aff'd sub nom. Gardner v. Brown*, 5 F.3d 1456 (Fed.Cir.1993), *aff'd*, 513 U.S. 115, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994). Thus, appellant's arguments to the contrary must be rejected. That, however, does not end this matter.

■ Section 1110, by its terms, prohibits only the payment of "compensation" for disability due to alcohol and drug abuse; it does not bar an award of service connection. *See* VA Gen. Coun. Prec. 2–98 (Feb. 10, 1998). Yet, in both its "CONCLUSION OF LAW" and its "ORDER," the Board went beyond the wording of § 1110 and denied "service connection." As the Secretary stated during oral argument, this is a distinction with a real difference since compensation is but one of the potential title 38 benefits which could flow from a determination that a disability is service connected. For instance, dependents of a veteran may be entitled to educational assistance if the veteran died of a service-connected disability. *See* 38 U.S.C. §§ 3510, 3501(a)(1). In addition, veterans who were discharged or released after September 15, 1940, because of a service-connected disability are eligible for housing loan benefits. *See* 38 U.S.C. § 3702(a)(1), (2)(b). Neither of these benefits requires as a prerequisite to eligibility that the veteran be receiving, or to have been receiving, compensation *for the* service-connected condition.

We hold today that the Board went too far and thus erred in holding that an award of service connection for disability due to abuse of alcohol or drugs was precluded by 38 U.S.C. § 1110. As a result, the Board's decision must be reversed and the matter remanded for further proceedings.

The Secretary has urged the Court to find that the appellant's claim is not well ground-

ed. However, the Court need not reach that issue at this time since our review encompasses only the Board's threshold legal conclusion. On remand, the Board or the RO will have the opportunity to determine whether the appellant's claim is well grounded. *See* 38 U.S.C. § 5107(a) (appellant must submit "evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded."). Moreover, in deciding that issue, it may also be necessary to consider whether the appellant's claim is a wholly separate claim for service connection for drug and alcohol abuse secondary to his service-connected PTSD or whether it would be more properly characterized as one for an increased rating for PTSD based on the appellant's alcohol and drug abuse. *See Suttmann v. Brown*, 5 Vet.App. 127 (1993). Such a determination could have an effect on the type of evidence required to make the claim well grounded. *Compare Caluza v. Brown*, 7 Vet.App. 498 (1995) (in order for a claim for service connection to be well grounded, there generally must be competent medical evidence of a current disability, medical or, in certain circumstances, lay evidence of incurrence or aggravation of a disease or injury in service, and medical evidence of a nexus between current disability and service), *and Jones v. Brown*, 7 Vet.App. 134 (1994) (medical evidence required to well ground claim for secondary service connection for glaucoma), *with Proscelle v. Derwinski*, 2 Vet.App. 629, 632 (1992) (finding a claim for an increased rating well grounded when the appellant asserted that his service-connected disability had worsened since the prior rating).

### III.

Upon consideration of the record, the appellant's briefs, the Secretary's brief, and the arguments proffered by the parties during oral argument, the April 3, 1997, decision of the Board of Veterans' Appeals is REVERSED and the matter is REMANDED for readjudication consistent with this decision.