Citation Nr: 1126171 
Decision Date: 07/12/11 Archive Date: 07/19/11

DOCKET NO. 07-12 879 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas



THE ISSUE

Entitlement to an evaluation in excess of 10 percent prior to January 26, 2008, in excess of 20 percent between January 26, 2008 and May 23, 2010, and in excess of 40 percent since May 24, 2010 for service-connected compression fracture of T8 with degenerative joint disease.


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

J. W. Loeb


INTRODUCTION

The Veteran served on active duty from September 1965 to August 1968 and from August 1971 to August 1978.

In April 2009, the Board of Veterans' Appeals (Board) remanded the issue on appeal to the Department of Veterans Affairs (VA) Regional Office in Waco, Texas (RO) for additional development.

In response to a May 2011 VA letter requesting clarification on representation, the Veteran noted in a Pro Se Election Form dated May 31, 2011, and received by VA on June 1, 2011, that he wished to represent himself.

The appeal is again REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

Relevant private treatment records from Walker Chiropractic dated through May 2011 were added to the claims files after the most recent supplemental statement of the case (SSOC) in October 2010 without a waiver of RO review. See 38 C.F.R. § 20.1304 (2010). According to a Response Form dated May 31, 2011, which was received by VA on June 1, 2011, the Veteran declines to waive Agency of Original Jurisdiction review prior to consideration by the Board.

Accordingly, the case is REMANDED for the following actions:

1. The RO/AMC will readjudicate the claim of entitlement to a disability rating higher than 10 percent prior to January 26, 2008 and higher than 20 percent beginning January 26, 2008 for compression fracture of T8 with degenerative joint disease after consideration of the evidence submitted following the October 2010 SSOC.

 If, and only if, deemed necessary by the RO/AMC, the Veteran will be afforded any additional medical examinations and or clinical testing to ascertain the severity of the service-connected disorder. See VAOPGCPREC 11-95 (Holding in part that the Board is not required to remand an appealed claim merely because of the passage of time when an adequate examination report was originally prepared, unless the severity of the disability has increased.); see also Palczewski v. Nicholson, 21 Vet. App. 174, (In an initial rating claim, the mere passage of time does not require VA to afford an additional medical examination, absent evidence or allegation of a deficiency in the evidence of record); Jones v. Brown, 7 Vet. App. 134 (1994) (Regarding VA's duty in increased rating claims to provide appropriate medical examinations).

2. After completion of the above, if any additional evidence development has been undertaken, the RO/AMC should review the record, to include all additional evidence, and readjudicate the claim on appeal based on all relevant evidence of record. If the benefit sought on appeal remains denied, the Veteran should be issued an appropriate SSOC and afforded the opportunity to respond. The case should then be returned to the Board for further appellate review, if otherwise in order.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

The RO and the Veteran are advised that the Board is obligated by law to ensure that the RO complies with its directives, as well as those of the appellate courts. It has been held that compliance by the Board or the RO is neither optional nor discretionary. Where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to ensure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
JOHN L. PRICHARD
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).