Citation Nr: 1134099 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 05-40 050 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Roanoke, Virginia


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a low back disability to include as secondary to service-connected bilateral knee disabilities.

2. Entitlement to service connection for a low back disability to include as secondary to service-connected bilateral knee disabilities on a de novo basis. 

3. Entitlement to a total rating for compensation purposes based on unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Brooks S. McDaniel, Agent



WITNESSES AT HEARING ON APPEAL

The Veteran and his wife


ATTORNEY FOR THE BOARD

D. Bredehorst, Counsel


INTRODUCTION

The Veteran served on active duty from June 1965 to May 1967.

These matters come before the Board of Veterans' Appeals (Board) on appeal from January 2005 and July 2007 rating decisions by the Roanoke RO. During the course of the appeal the Veteran testified at Travel Board hearings in April 2004 and June 2006, and at a video conference hearing in January 2010. Transcripts of these hearings are associated with the claims file. As these hearings were held by two different Veterans Law Judges and an Acting Veterans Law Judge, a panel decision is required.

The Board notes that during the January 2010 hearing, the Veteran's representative expressed his belief that the matter of service connection for an anxiety disorder had been dropped in 2004; however, the record shows that the claim of service connection for a psychiatric disorder to include anxiety was denied by the Board in a December 2006 decision.

The issues of increased ratings for bilateral knee disabilities are the subject of a separate Board decision. 

The issue of entitlement to a TDIU is addressed in the REMAND portion of the decision below and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. An unappealed November 1996 rating decision denied service connection for a low back disability essentially based on a finding that there was no evidence of a low back disability related to service.

2. Evidence received since the November 1996 rating decision is neither cumulative nor redundant of evidence of record at the time of the prior denial, relates to an unestablished fact necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim.

3. Medical opinion states that the Veteran's lumbar spondylosis was not incurred due to his service connected knee disabilities, but also states that the Veteran's chronic lumbar strain is at least in part the result of gait disturbances caused by the service connected knee disabilities. 


CONCLUSIONS OF LAW

1. Evidence received since the final November 2006 rating decision is new and material, and the claim of service connection for a low back disability, to include as secondary to service-connected bilateral knee disabilities is reopened. 38 U.S.C.A. §§ 5108, 7105 (West 2002); 38 C.F.R. § 3.156 (2010).

2. The Veteran's chronic lumbar strain was incurred due to his service connected bilateral knee disabilities. 38 U.S.C.A. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.310 (2010).





REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). The VCAA applies to the instant claim. 

As the decision below is favorable to the Veteran's claim involving his low back, there is no reason to further discuss the impact of the VCAA on this aspect of the matter, as any notice defect or assistance omission is harmless.

Legal Criteria and Analysis

An unappealed November 1996 rating decision denied service connection for a low back disability. This decision is final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.1103 (2010).

Generally, when a claim is disallowed, it may not be reopened and allowed, and a claim based on the same factual basis may not be considered. Id. However, a claim on which there is a final decision may be reopened if new and material evidence is received. 38 U.S.C.A. § 5108. "New" evidence means existing evidence not previously submitted to agency decisionmakers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a).

When determining whether a claim should be reopened, the credibility of newly submitted evidence is to be presumed. Justus v. Principi, 3 Vet. App. 510 (1992).

The November 1996 rating decision denied service connection for a low back disability essentially based on a finding that the Veteran was not shown to have a low back disability that was caused or aggravated by his service.

Evidence considered at the time of this decision consisted of the Veteran's service treatment records, private treatment records from April 1976 to August 1995, and a June 1996 VA examination report. 

The service treatment records are silent for complaints, findings, or a diagnosis referable to the low back.

Private treatment records dated in April 1976, October 1989, and December 1990 contain evidence of L5 left spondylosis without spondylolisthesis, lumbosacral strain related to a car accident, and an exacerbation of low back pain related to lumbosacral strain.

The June 1996 VA examination report notes the Veteran's complaints and long history of back problems. The diagnoses included scoliosis of the back, degenerative joint disease of the back with spondylolisthesis of L5, and bilateral spondylosis of L5.

In order for the Veteran's claim to be reopened, the evidence received since November 1996 must indicate that there is an etiological relationship between any current low back disability and the Veteran's service or a service-connected disability. A review of the record reveals that evidence of this nature has been received.

Evidence received since November 1996 consists of Social Security records; transcripts of hearing in April 2004, June 2006, and January 2010; a February 2002 lay statement;VA treatment records from 1994 to 2008; and a February 2009 VA examination report.

Social Security records include a December 1996 functional capacity assessment that summarizes the Veteran's back problems and a June 1997 record of VA treatment for low back pain.

Additional VA treatment records from 1994 to 2008 contain records of back complaints and treatment. They also contain diagnoses of lumbago and spondylosis.

Transcripts of hearings held in April 2004, June 2006, and January 2010 contain testimony regarding symptoms associated with the Veteran's back disorder, his theory that his low back problems are related to his knees, and his physical limitations.

On February 2009 VA examination, the Veteran reported that after he left the military he worked for a tire company and that while coming home from work he developed low back pain while shifting gears. He continued to have more back pain that became more problematic in 1972. The examiner noted that a 2007 magnetic resonance imaging study (MRI) of the lumbar spine revealed spondylosis and that there was no significant change since an MRI in July 2004. The Veteran's claims file was reviewed and the examiner opined that the current degenerative joint disease of the lumbar spine with back spasms is not caused by or a result of the service-connected bilateral knee disability. While the Veteran had degenerative findings identified as lumbar spondylosis, they had been unchanged since 2004. He added that the medical literature does not contain evidence that lumbar spondylosis is caused by bilateral or unilateral knee replacement. Lumbar spondylosis was generally considered a process of aging and was usually painless. There was no supportive evidence that biomechanical abnormalities such as a disturbed gait caused lumbar spondylosis. However, the examiner also opined that given the mild to moderate impact the Veteran's bilateral knee replacements created on some of his activities of daily living and other factors such as deconditioning caused by excessive scooter use, it was reasonable to conclude that the chronic back strain was created, in part, by the difficulties ambulating and other difficulties that resulted from the knee replacements.

The record contains new evidence that has been received since November 1996 because it was not previously considered. The VA examination is also material evidence since it addresses an unestablished fact that was not of record at the time of the earlier rating decision. Namely, it contains favorable evidence on the theory of secondary service connection. Further, when this evidence is considered along with the other evidence of record, the evidence has a reasonable possibility of substantiating the claim. 

In view of the foregoing, the claim of service connection for a low back disability may be reopened.

Because the RO had already reopened the claim of service connection for a low back disorder, and adjudicated the matter de novo, the Veteran is not prejudiced by the Board's proceeding to do likewise (without returning the matter to the RO upon reopening).

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303(a). 

In addition, a disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a).

Secondary service connection may also be established for a nonservice-connected disability which is aggravated by a service connected disability. In this instance, the veteran may be compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. Allen v. Brown, 7 Vet. App. 439 (1995); see also 38 C.F.R. § 3.310(b). 

In a claim for secondary service connection for a diagnosis clearly separate from the service-connected disorder, the veteran must present evidence of a medical nature to support the alleged causal relationship between the service-connected disorder and the disorder for which secondary service connection is sought. See Jones v. Brown, 7 Vet. App. 134 (1994). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b). 

Although the opinions offered by the February 2009 VA examiner indicate the Veteran's lumbar spondylosis is not related to the low back disability in any way, the examiner did, however, attribute the Veteran's chronic lumbar strain, at least in part, to the service-connected bilateral knee disabilities. As previously noted, a disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a). As these opinions were based on an examination and a review of the record, and are adequately supported by rationale, the Board finds them to be highly probative. Furthermore, there are no medical opinions that contradict the February 2009 examiner. 

Accordingly, service connection for a chronic lumbar strain is warranted.


ORDER

As new and material evidence sufficient to reopen a claim for service connection for a low back disability has been received, the Veteran's previously-denied claim is reopened.

Service connection for chronic lumbar strain is granted.


REMAND

Additional action is required for the Veteran's claim for TDIU in order to provide him due process. 

The Board also notes that the grant of service connection for chronic lumbar strain will have an impact on the claim for TDIU. The RO/AMC must be provided an opportunity to consider the Veterans' claim in light of the grant of service connection for the lumbar strain and the effect it will have on his overall service connected evaluation. 

Accordingly, the case is REMANDED for the following action:

After a percentage evaluation has been assigned to the Veteran's service connected lumbar strain, the RO should review and readjudicate the claim for a TDIU. See 38 C.F.R. § 4.2. If any such action does not resolve the claim, the RO shall issue the Veteran and his agent a supplemental statement of the case. They should be afforded a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate disposition.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (CONTINUED ON NEXT PAGE)




These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_____________________________ _________________________________
MICHAEL D. LYON MARK. W. GREENSTREET
 Veterans Law Judge, Veterans Law Judge,
Board of Veterans' Appeals Board of Veterans' Appeals



______________________________________________
JOHN L. PRICHARD
Acting Veterans Law Judge,
Board of Veterans' Appeals




Department of Veterans Affairs