﻿Citation Nr: AXXXXXXXX
Decision Date: 06/16/20 Archive Date: 06/16/20

DOCKET NO. 200113-69276
DATE: June 16, 2020

ORDER

Entitlement to a rating in excess of 50 percent for posttraumatic stress disorder (PTSD) is denied.

FINDING OF FACT

The preponderance of the evidence of record suggests that while the Veteran’s symptoms of PTSD have manifested in symptoms no worse than occupational and social impairment with reduced reliability and productivity, at no time have his symptoms ever manifested in occupational and social impairment with deficiencies in most areas or total social and occupational impairment.

CONCLUSION OF LAW

The criteria for the assignment of a rating in excess of 50 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.1, 4.3, 4.7, 4.126, 4.130; Diagnostic Code 9411.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Army from July 1966 to July 1968, to include verified service within the Republic of Vietnam. This matter comes before the Board of Veterans’ Appeals (Board) on appeal of a November 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO).

By way of background, the Veteran first filed for service connection for PTSD on June 19, 2017. See VA Form 21-4138 (“Notice of Intent to File”) (rec’d June 19, 2017); VA Form 21-526EZ ( Oct. 2017 ). This claim was granted in a January 2018 rating decision and the disorder was assigned an initial rating of 30 percent. The Veteran initiated appeal of this initial rating in the Legacy system in March 2018. In a May 2018 Statement of the Case (SOC), the Veteran was awarded an increase of the initial rating to 50 percent. The Veteran did not perfect appeal within 60 days of the SOC. The Board ultimately must conclude that the May 2018 SOC, editing the October 2017 rating decision, is final. As such, the Board does not have jurisdiction over the propriety of the initial rating for PTSD—only the reopened claim for an increased rating, as detailed below. 

The Veteran subsequently initiated a claim for an increased rating for PTSD and for a rating of total disability due to individual unemployability based on service-connected disabilities (TDIU) on October 15, 2019. See VA Form 21-526EZ (rec’d Oct. 15, 2019 ) (for PTSD, also referencing TDIU); VA Form 21-8940 (rec’d Oct. 15, 2019 ) (for TDIU). In the November 2019 rating decision on appeal, the Veteran was informed that the claim for a TDIU would not be addressed therein; instead, the claim for a TDIU would be addressed in a separate rating decision. The Veteran requested Direct Review of the November 2019 rating decision by filing a Notice of Disagreement on the updated VA Form 10182. See VA Form 10182 (rec’d Jan. 13, 2020 ). 

Even though the Veteran appears to have requested direct review of the denial of TDIU, the Board determines that as that claim has not yet been adjudicated by the Agency of Original Jurisdiction, such disagreement is premature. See also VSO IHP ( May 2020 ). As such, the Board concludes that it does not jurisdiction to adjudicate the Veteran’s claim to a TDIU at this time. The Board shall instead proceed exclusively with respect to the claimed entitlement to a rating in excess of 50 percent for PTSD.

This claim has been advanced on the docket on account of the Veteran’s age. 38 C.F.R. § 20.900.

Entitlement to a rating in excess of 50 percent for PTSD is denied.

Disability evaluations are determined by the application of a schedule of ratings, which is based on average impairment of earning capacity. Separate Diagnostic Codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R. § Part 4. Although a disability must be considered in the context of the whole recorded history, including service treatment records, the present level of disability is of primary concern in determining the current rating to be assigned. 38 C.F.R. § 4.2; Francisco v. Brown, 7 Vet. App. 55 (1994); Schafrath v. Derwinski, 1 Vet. App. 589 (1991). If a disability has undergone varying and distinct levels of severity throughout the claims period, staged ratings may be assigned.

A critical element in permitting the assignment of several ratings under various Diagnostic Codes is that none of the symptomatology for any one of the disabilities is duplicative or overlapping with the symptomatology of the other disability. See Esteban v. Brown, 6 Vet. App. 259, 262 (1994); 38 C.F.R. § 4.104, 4.115a.

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. It is permissible to switch diagnostic codes to reflect more accurately a claimant’s current symptoms. See Read v. Shinseki, 651 F. 3d 1296, 1302 (Fed. Cir. 2011). 

With respect to mental disorders, where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. It is not expected that all cases will show all the findings specified; however, findings sufficiently characteristic to identify the disease and the disability therefrom and coordination of rating with impairment of function will be expected in all instances. 38 C.F.R. § 4.21. All benefit of the doubt will be resolved in the Veteran’s favor. 38 C.F.R. § 4.3.

The General Rating Formula for Mental Disorders at 38 C.F.R. § 4.130 provides the following ratings for psychiatric disabilities:

A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. 38 C.F.R. § 4.130.

A 70 percent rating is warranted for occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work like setting); inability to establish and maintain effective relationships. Id.

A 100 percent rating is warranted for total occupational and social impairment due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

When determining the appropriate disability evaluation under the general rating formula, the primary consideration of the Board is a Veteran’s symptoms, but it must also make findings as to how those symptoms impact the Veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-17 (Fed. Cir. 2013). A Veteran may only qualify for a given disability rating under the general rating formula by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration. Id at 117-18. The symptoms listed are not exhaustive, but rather “serve as examples of the type and degree of symptoms, or their effects, that would justify a particular rating.” Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). In the context of determining whether a higher disability evaluation is warranted, the analysis requires considering “not only the presence of certain symptoms[,] but also that those symptoms have caused occupational and social impairment in most of the referenced areas.” Vazquez-Claudio, 713 F.3d at 117; 38 C.F.R. § 4.130.

The Board has fully and sympathetically reviewed all available, pertinent evidence of record, including medical records from the Veteran’s mental health treatment provider. See Medical Treatment Records from K.L.U., Ph.D. (July 2019 ). In July 2019, the Veteran complained of continued trouble sleeping, nightmares, anxiety and self-isolation. The Veteran also stated that “he still has communication problems with his daughter, but he is hoping that they will get better soon.” Id.

The Veteran was then afforded an updated VA examination, in order to reassess the severity of his PTSD. See C&P Exam ( Nov. 19, 2019 ). Here, the Veteran stated that he maintains positive relationships with all four of his adult children, talking regularly to each of them by phone. Id. at Section II, Question No. 2A. He confirmed that his relationship with one of them is “somewhat strained” due to his absence during her childhood, but that he maintains contact and hopes to improve the relationship. Id. The Veteran also maintains “several times per week” contact with his sister, his godson, and some friends. Id. Finally, the Veteran stated that he attends church almost daily and has many casual friends there, but that he almost always declines invitations to social gatherings among his church friends because he has not had a partner since his 1996 divorce, and because he feels uncomfortable in larger groups. Id. 

With respect to occupational symptoms, even though the Veteran stated that he has been unemployed since his employer went out of business, he often volunteers to oversee and manage his renovation projects, both of a house and for his church. Id. at Section II, Question No. 2B. The Veteran additionally serves among the Board of Trustees at his church, and he reports that he can fully manage his household tasks and personal errands with no significant impairments. Id.

Additionally, the examiner stated that the Veteran was “polite, open, and cooperative,” exhibited a logical and organized thought process, did not demonstrate delusional thought content, and normal speech and motor activity with intact memory, attention, and concentration. Id. at Question No. 5. Finally, the evidence of record does not demonstrate any history of suicidal ideations or homicidal ideations. See VA Treatment Record ( May 29, 2018 ).

Upon full review of the evidence of record, the Board concludes that that the Veteran did not exhibit symptoms consistent with occupational and social impairment with deficiencies in most areas or total social and occupational impairment during the appeal period. The Board does not impugn the credibility of the Veteran’s general statements that his PTSD may have worsened in severity, see, e.g.: Medical Treatment Records from K.L.U., Ph.D. (July 2019). Ultimately, for the reasons to follow, the Board simply concludes that his symptoms most closely resemble a 50 percent rating for PTSD and that an increased rating is not warranted.

The evidence largely shows that even though the Veteran may have some difficulty socializing in large groups, he maintains relationships with all four of his adult children (including his own awareness that his relationship with one of them is not as strong as with the others, and that he hopes they will improve), his sister, his godson, and some friends. Furthermore, he exhibits extraordinary leadership within his church. Not only does he attend church nearly every day, he also serves on the Board of Trustees and volunteers his services in supervising the church’s renovation projects. 

Even if the Veteran might exhibit some difficulty in maintaining these effective work and social relationships, the Board simply cannot conclude that he is unable to establish and maintain these relationships. Furthermore, the Board concludes that the Veteran exhibits fully logical speech and thought processes, manages his own affairs, and is fully oriented to self, place, and time. There is simply no indication of any homicidal ideations, suicidal ideations, impaired impulse control, neglect of personal appearance and hygiene, or similar symptoms that may suggest entitlement to a rating in excess of 50 percent. 

Moreover, deficiencies in most areas were not shown. The Veteran reported depression and anxiety during the appeal period; impairment to mood therefore has been shown. Impairment to family relations was not demonstrated as the Veteran reported that he maintained positive relationships with his four adult children and that he talks with other family members to include his sister and a godson several times a week. The Veteran’s thought process was logical and organized with no delusional thought content and no evidence of responding to internal stimuli in a November 2019 VA examination. In addition, there is no indication that the Veteran’s judgment was impaired. The Veteran did not attempt schooling during the appeal period. Therefore, a 70 percent rating is not warranted. 

Total social and occupational impairment was also not shown. As noted above, he maintains relationships with all four of his adult children, his sister, his godson, and some friends. While the Veteran was not employed during the course of the appeal, he reported extensive involving in his church to include serving as the Vice-Chairman of the Board of Trustees at this church and oversaw church renovation projects. There is no evidence or allegation of gross impairment in thought processes or communication as the November 2019 VA examination found the Veteran’s thought processes to be logical and organized. Delusions, hallucinations, suicidal ideations, homicidal ideations or memory loss were not reported or noted during the appeal period. Therefore, a 100 percent rating for PTSD is not warranted.

The Board emphasizes that, in analyzing this claim, the symptoms identified in the Rating Formula have been considered not as an exhaustive list of symptoms, but as examples of the type and degree of the symptoms, or effects, that would justify a particular rating. The Board has not required the presence of a specified quantity of symptoms in the rating schedule to warrant a higher rating for PTSD. 

In assessing the severity of the disability under consideration, the Board has considered the competent lay assertions regarding symptoms experienced and observed. See, e.g., Layno v. Brown, 6 Vet. App. 465, 470 (1994) and Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). However, the criteria needed to support higher ratings as the required medical findings that are within the province of trained medical professionals. See Jones v. Brown, 7 Vet. App. 134, 137-138 (1994). As such, the lay assertions are not considered more persuasive than the objective medical findings which, as indicated above, do not support assignment of any higher rating pursuant to any applicable criteria at any point pertinent to this appeal.

The Board has considered whether a staged rating under Fenderson, supra is appropriate for the Veteran's service-connected PTSD; however, the Board finds that her symptomatology has demonstrated consistent impairment throughout the appeal period. Therefore, assigning a staged rating for such disability is not warranted. In addition, neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366, 369-7 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record). 

(Continued on the next page)

 

To the extent that the Veteran seeks a rating in excess of 50 percent, as is currently assigned throughout the period on review, for his service-connected PTSD, the claim is denied. 38 C.F.R. § 4.7. There is no doubt to resolve. 38 U.S.C. 5107; 38 C.F.R. § 3.102.

 

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Michael B. Engle, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.