Citation Nr: AXXXXXXXX
Decision Date: 07/14/21 Archive Date: 07/14/21

DOCKET NO. 191102-43882
DATE: July 14, 2021

ORDER

Entitlement to an earlier effective date prior to October 11, 2016 for the grant of service connection for chronic renal disease is denied.

FINDINGS OF FACT

1. The Veteran's renal disease was first diagnosed on October 11, 2016.

2. The earliest possible date for which a grant of service connection for chronic renal disease is October 11, 2016. 

CONCLUSION OF LAW

The criteria for entitlement to an earlier effective date prior to October 11, 2016 for the grant of service connection for chronic renal disease have not been met. 38U.S.C. §§ 5110, 7105, 7113; 38 C.F.R. §§ 3.160, 3.400, 20.200, 20.201, 20.302.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the Army from December 1966 to December 1969. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from the May 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO).

In May 2019, the Agency of Original Jurisdiction (AOJ) granted an earlier effective date of October 11, 2016 for the award of service connection for chronic renal disease. The Veteran disagreed with the assigned effective date and timely appealed this decision under the modernized review system of the Appeals Modernization Act (AMA), requesting Evidence Submission lane. The Board notes that under Evidence Submission, the Veteran can submit additional evidence in support of his appeal within the next 90 days from the date of receipt of the Board Appeal (VA Form 10182). Therefore, any additional evidence submitted after this time will not be considered in this decision. 

In February 2020, the Board issued a decision denying the Veteran's claim for an earlier effective date prior to October 11, 2016. The Veteran appealed the Board's denial decision to the United States Court of Appeals for Veterans Claims (CAVC), resulting in the February 2021 Joint Motion for Remand (JMR), which vacated the February 2020 decision, and remanded for re-adjudication consistent with its decision. 

Entitlement to an earlier effective date prior to October 11, 2016 for the grant of service connection for chronic renal disease.

The Veteran contends that an earlier effective date prior to October 11, 2016 is warranted for the grant of service connection for chronic renal disease.

As an initial matter, the Board notes that in December 2019, the Veteran's representative filed an extension request to submit additional evidence until April 20, 2020. A review of the file reflects that the VA failed to respond to such request. Typically, under the Legacy appeals, the Veteran is entitled to a response for a request for extension, and a failure to respond would toll the appeal period. However, the laws under AMA for the evidence submission lane is different, in that it does not permit an extension to submit additional evidence outside of the evidentiary period, as the Board is limited to review of evidence considered by the agency of original jurisdiction, and any evidence submitted with the Form 10182 and/or within 90 days following receipt of the Form 10182. Therefore, while, at the very least, the appeal period may have remained open due to VA's failure to respond to the December 2019 extension request, this open period did not continue past the appeal period related to the law under AMA Evidence submission; and thus, the Veteran's entitlement to an actual response to his extension request would have no effect whatsoever on the claim at hand (as whether the VA gave a response or not, the time period to submit additional evidence would have expired on January 21, 2020 regardless). 

Now turning to the claim at hand, the Board notes that in general, the effective date of an award of disability compensation, in conjunction with a grant of entitlement to service connection, shall be the day following separation from active service or the date entitlement arose if the claim is received within one year of separation from service; otherwise, the effective date shall be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110; 38 C.F.R. § 2400(b)(2)(i).

Under the regulations in effect prior to March 24, 2015, a claim for benefits is defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); see also Brannon v. West, 12 Vet. App. 32, 34-35 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992).

The record reflects that the Veteran first filed a claim for service connection for kidney problems as secondary to his service-connected diabetes mellitus in July 2004. However, the Board finds that the record does not reflect that the Veteran was diagnosed with chronic renal disease at that time, and thus entitlement did not arise until October 11, 2016.

In a May 2005 VA examination, the Veteran is noted to have normal renal function with no proteinuria. In the March 2009 VA examination report, it indicates no history of renal dysfunction or renal failure. Additionally, the May 2012 VA examination report also indicates no renal disease is present.

VA treatment records from August 2013 and February 2016 note no acute renal failure, and no diagnosis of renal disease or renal problems are indicated in private or VA treatment records prior to October 2016. The March 2017 VA examiner listed the date of the Veteran's diagnosis of chronic renal disease to be in the fall of 2016 at the time of a private hospitalization.

A private medical treatment record from October 11, 2016 indicates that the Veteran was admitted at that time for a bowel obstruction and experienced acute renal failure.

Based on the above, the Board finds that a preponderance of the evidence is against a finding that the Veteran had chronic renal disease prior to October 11, 2016. Therefore, although the Veteran filed his claim for service connection for kidney problems in 2004, entitlement did not arise prior to October 11, 2016; and thus, this date is the earliest date possible for which to grant service connection. 

The Board notes that the lay assertions of record have been considered. See Layno v. Brown, 6 Vet. App. 465, 470 (1994). To the extent that they have argued that an earlier effective date prior to October 11, 2016 is warranted, these assertions are outweighed by more probative evidence provided by the objective medical evidence of record, to include the examinations of a qualified medical professional. See Jones v. Brown, 7 Vet. App. 134, 137-138 (1994). As such, the lay statements do not provide any basis upon which to grant an earlier effective date.

The Board therefore concludes that an earlier effective date prior to October 11, 2016 for the grant of service connection for chronic renal disease is not warranted; and the claim is denied.

In reaching its determination, the Board has considered the doctrine of giving the benefit of the doubt to the Veteran, under 38 U.S.C. § 5107 and 38 C.F.R. § 3.102, but does not find that the evidence is of such approximate balance as to warrant its application. Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1991).

 

 

Katherine Kiemle Buckley

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board B. Hodges, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.