Citation Nr: 1448567 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-12 954 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in Denver, Colorado


THE ISSUE

Entitlement to a rating in excess of 10 percent for bilateral plantar fasciitis with mild pes planus.


REPRESENTATION

Veteran represented by: Colorado Division of Veterans Affairs


ATTORNEY FOR THE BOARD

Kristy L. Zadora, Counsel




INTRODUCTION

The Veteran had active duty service from September 1983 to November 1986.

This appeal to the Board of Veterans' Appeals (Board) arose from an October 2009 rating decision in which the RO denied the Veteran's claim for an increased rating for bilateral plantar fasciitis with mild pes planus. 

In June 2013, the Veteran requested a Board hearing before a Veterans Law Judge sitting at the RO. Thereafter, in a December 2013 communication, the Veteran indicated that she wished to withdraw her request for a Board hearing and requested that her case be forwarded to the Board without delay. See 38 C.F.R. § 20.704(e) (2014).

In January 2014, a Deputy Vice Chairman of the Board granted a motion to advance this appeal on the Board's docket, pursuant to 38 U.S.C.A. § 7107(a)(2)(C) (West 2002) and 38 C.F.R. § 20.900(c) (2014).

In February 2014, the Board remanded the claim on appeal to the agency of original jurisdiction (AOJ), for further action, to include additional development of the evidence. After completing the requested development, the AOJ continued to deny the claim (as reflected in a September 2014 supplemental statement of the case (SSOC)), and returned this matter to the Board for further appellate consideration.

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless, electronic claims processing system. The Board notes that, in addition to the VBMS file, there is a separate, electronic (Virtual VA) paperless file associated with the Veteran's claim. A review of the Virtual VA paperless file reveals VA treatment records dated through April 2013; such records were considered by the AOJ in the September 2014 SSOC. The remaining documents in Virtual VA are either duplicative of those contained in the VBMS paperless file or irrelevant to the issue on appeal. 

As a final preliminary matter, the Board notes that, in a June 2014 VA Application for Disability Compensation and Related Compensation Benefits (VA Form 21-526EZ), the Veteran raised the issues of entitlement to service connection for shin splints as well as petitions to reopen claims for service connection for a knee disorder, an ankle disorder and a low back disorder. These claims have not been addressed by the AOJ. As such, these matters are not properly before the Board, and are thus referred to the AOJ for appropriate action.


FINDINGS OF FACT

1. All notification and development actions needed to fairly adjudicate the claim herein decided have been accomplished.

2. Pertinent to the August 28, 2009 date of the claim for increase, the Veteran's bilateral plantar fasciitis with mild pes planus has manifested as tenderness on the medial arches and abnormal weight-bearing, but has not been productive of a marked deformity such as pronation or abduction, an indication of swelling on use, or characteristic callosities.


CONCLUSION OF LAW

The criteria for a rating in excess of 10 percent for bilateral plantar fasciitis with mild pes planus are not met. 38 U.S.C.A. §§ 1155, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.321, 4.1, 4.3, 4.7, 4.71a, Diagnostic Code 5276 (2014). 







REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process Considerations

The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2002 & Supp. 2012) includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2014). 

The notice requirements under the VCAA essentially require VA to notify a claimant of any evidence that is necessary to substantiate the claim(s), as well as the evidence that VA will attempt to obtain and which evidence he or she is responsible for providing. See, e.g., Quartuccio v. Principi, 16 Vet. App. 183 (2002) (addressing the duties imposed by 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b)). As delineated in Pelegrini v. Principi, 18 Vet. App. 112 (2004), after a substantially complete application for benefits is received, proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim(s); (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) must ask the claimant to provide any evidence in her or his possession that pertains to the claim(s), in accordance with 38 C.F.R. § 3.159(b)(1). 

The Board notes that, effective May 30, 2008, 38 C.F.R. § 3.159 has been revised, in part. See 73 Fed. Reg. 23,353 - 23,356 (April 30, 2008). Notably, the final rule removes the third sentence of 38 C.F.R. § 3.159(b)(1), which had stated that VA will request that a claimant provide any pertinent evidence in his or her possession.

In rating cases, a claimant must be provided with information pertaining to assignment of disability ratings (to include the rating criteria for all higher ratings for a disability), as well as information regarding the effective date that may be assigned. Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

Furthermore, with respect to claims for increase, the VCAA notice requirements include notice to provide, or ask VA to obtain, medical or lay evidence of increased severity and the impact thereof on employment to substantiate the claim; and providing examples of types of medical or lay evidence that may be submitted, or that VA can be asked to obtain, which are relevant to establishing an increased rating. Vazquez-Flores v. Peake, 22 Vet. App. 37(2008), affirmed in part by Vazquez-Flores v. Shinseki, 580 F.3d 1270 (Fed. Cir. 2009). 

VCAA-compliant notice must be provided to a claimant before the initial unfavorable decision on a claim for VA benefits by the AOJ (here, the RO, to include the Appeals Management Center). Id.; Pelegrini, 18 Vet. App. at 112. See also Disabled American Veterans v. Secretary of Veterans Affairs, 327 F.3d 1339 (Fed. Cir. 2003). However, the VCAA notice requirements may, nonetheless, be satisfied if any errors in the timing or content of such notice are not prejudicial to the claimant. Id. 

In this appeal, a September 2009 pre-rating letter provided notice to the Veteran regarding the information and evidence needed to substantiate the claim for an increased rating for bilateral plantar fasciitis with mild pes planus. This letter also informed the Veteran of what information and evidence must be submitted by her, and what information and evidence would be obtained by VA. In addition, this letter provided the Veteran with general information pertaining to VA's assignment of disability ratings and effective dates. The October 2009 rating decision reflects the AOJ's initial adjudication of the claim for an increased rating after the issuance of the September 2009 letter. Thereafter, the statement of the case (SOC) set forth specific criteria for a higher rating for acquired flatfoot (the timing and form of which suffices, in part, for Dingess/Hartman).

Notably, neither the Veteran nor her representative has alleged or demonstrated any prejudice with regard to the content or timing of the notice provided. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (reversing prior case law imposing a presumption of prejudice on any notice deficiency, and clarifying that the burden of showing that an error is harmful, or prejudicial, falls upon the party attacking the agency's determination); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

The record also reflects that VA has made reasonable efforts to obtain or to assist in obtaining all relevant records pertinent to the matter herein decided. Pertinent medical evidence associated with the claims file consists of the reports of the VA examinations, as well as the Veteran's VA treatment records and Social Security Administration records (requested by the Board in its February 2014 remand). See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand confers on the claimant, as a matter of law, the right to compliance with the remand order); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). Also of record and considered in connection with the appeal are various written statements provided by the Veteran and her representative, on her behalf. 

In summary, the duties imposed by the VCAA have been considered and satisfied. The Veteran has been notified and made aware of the evidence needed to substantiate this claim, the avenues through which she might obtain such evidence, and the allocation of responsibilities between herself and VA in obtaining such evidence. There is no additional notice that should be provided, nor is there any indication that there is additional existing evidence to obtain or development required to create any additional evidence to be considered in connection with the claim. Consequently, any error in the sequence of events or content of the notice is not shown to prejudice the Veteran or to have any effect on the appeal. Any such error is deemed harmless and does not preclude appellate consideration of the matter herein decided, at this juncture. See Mayfield v. Nicholson, 20 Vet. App. 537, 543 (2006) rejecting the argument that the Board lacks authority to consider harmless error). See also ATD Corp. v. Lydall, Inc., 159 F.3d 534, 549 (Fed. Cir. 1998). 




II. Increased Rating

The Veteran contends that an increased rating for her bilateral plantar fasciitis with mild pes planus is warranted due to her functional impairments. Specifically, she alleges that she is unable to stand for more than a few minutes, run for more than a short distance, walk very far or participate in sporting activities and must rest after showering due to foot pain.

Disability evaluations are determined by the application of VA's Schedule for Rating Disabilities, which is based on average impairment of earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. Where there is a question as to which of two evaluations shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the veteran. 38 C.F.R. § 4.3. 

A veteran's entire history is to be considered when making disability evaluations. See generally 38 C.F.R. 4.1; Schafrath v. Derwinski, 1 Vet. App. 589 (1995). Where entitlement to compensation already has been established and an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). Nevertheless, in a claim for increased rating for already service-connected disability, a claimant may experience multiple distinct degrees of disability that might result in different levels of compensation. Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007). 

The following analysis is therefore undertaken with consideration of the possibility that different ratings may be warranted for different time periods.

Historically, the Veteran's bilateral plantar fasciitis with mild pes planus has been rated under the diagnostic code for acquired flatfoot.

Under Diagnostic Code 5276, for a bilateral disability, a 10 percent rating is assigned for moderate symptoms of pes planus, to include weight-bearing line over or medial to the great toe, inward bowing of the tendo Achilles, and pain on manipulation and use of the feet. A 30 percent rating is assigned for severe pes planus and requires objective evidence of marked deformity (pronation, abduction, etc.), pain on manipulation and use accentuated, an indication of swelling on use, and characteristic callosities. A 50 percent rating is assigned for pronounced pes planus and requires marked pronation, extreme tenderness of plantar surfaces of the feet, marked inward displacement and severe spasm of the tendo Achilles on manipulation, and the disability is not improved by orthopedic shoes or appliances. 38 C.F.R. § 4.71a. 

The criteria in Diagnostic Code 5276 are conjunctive. See Melson v. Derwinski, 1 Vet. App. 334 (1991) (use of the conjunctive "and" in a statutory provision meant that all of the conditions listed in the provision must be met). Compare Johnson v. Brown, 7 Vet. App. 9 (1994) (only one disjunctive "or" requirement must be met in order for an increased rating to be assigned). See also Tatum v. Shinseki, 23 Vet. App. 152 (2009) (holding that 38 C.F.R. § 4.7 is not applicable when the ratings criteria are successive and not variable). 

The report of a September 2009 VA examination reflects the Veteran's complaints of intermittent pain in her feet that was activity-related. This pain was reported to range from "1-2/10" to "7-8/10" and occurred while standing, running, jumping, prolonged walking or squatting. Pain at rest was denied unless there was prior aggravation of pain. Weakness or fatigue were also denied. The Veteran reported being able to stand for about 10 minutes in one place but that she then must shift her weight between legs every five minutes, that she able to walk for about 60 to 90 minutes and that she had no problem sitting. Past treatment included the use of medication and shoe inserts without relief but current treatment or the use of any corrective devices such as shoe inserts, special shoes, braces or a cane were denied.

Physical examination revealed tenderness bilaterally on the medial arches but was negative for evidence of painful motion, edema, weakness or instability. Weight-bearing was abnormal with bilateral medial arch collapse and the bilateral Achilles tendons were nontender. There was tenderness over the medial arches bilaterally but no tenderness over the metatarsal heads, heel, great toe or Achilles tendon. Examination was negative for hammertoes, bunions, high arches, abnormal callosities, breakdown on the plantar aspect of either foot or valgus-varus malalignment with weight-bearing. There was no pain on passive or active manipulation of the foot and range of motion of the forefoot and toes were within normal limits. Repetitive motion testing did not reveal any additional loss of range of motion. The Veteran was noted to ambulate with a slight limp to the left side and was able to heel-to-toe walk. An accompanying X-ray revealed mild to moderate degenerative changes of the metatarsophalangeal (MTP) joint without a hallux valgus deformity in the left foot and a hallux pelvis deformity with mild degenerative changes of the first MTP joint in the right foot.

A report of a July 2014 Disability Benefits Questionnaire (DBQ) reflects the Veteran's complaints of pain at the bottom of both feet, mainly in the arch of the foot and sometimes in the heel, that was brought on by standing. She reported that she was able to stand for two to three minutes before the pain began, that such pain became intolerable after 10 minutes and that she was able to walk without pain for up to one mile but was unable to run due to pain. Past treatment included physical therapy and the use of shoe inserts or orthotics without relief while other treatments or surgeries were denied.

Physical examination revealed pain on use of the feet but was negative for pain accentuated on manipulation, pain on manipulation of the feet, swelling on use, characteristic calluses or objective evidence of pain on examination. Examination was also negative for extreme tenderness of the plantar surfaces, decreased longitudinal arch height, objective evidence of a marked deformity such as pronation or abduction, or marked pronation. The weight-bearing line did not fall over or medial to the great toe and there was not a deformity other than pes planus that caused alteration of the weight-bearing line. She did not have inward bowing of the Achilles tendon, marked inward displacement or severe spasm of the Achilles tendon on manipulation. Symptoms such as pain, weakness, fatigability or incoordination did not significantly limit functional ability during flare-ups or when the foot was used repeatedly over a period of time. Accompanying X-rays were consistent with pes planus and negative for degenerative or traumatic arthritis.

As noted, the pertinent medical evidence shows tenderness bilaterally on the medial arches and abnormal weight-bearing. Such findings are consistent with the 10 percent rating currently assigned for under Diagnostic Code 5276. A higher rating for bilateral pes planus is not warranted as there is no objective evidence of, and the Veteran has not alleged, a marked deformity such as pronation or abduction, an indication of swelling on use or characteristic callosities.

The Board also finds that no other diagnostic code provides a basis for any higher rating for bilateral plantar fasciitis. There were no medical findings of pes cavus or malunion or nonunion of the tarsal or metatarsal bones which would warrant evaluation of the disability under Diagnostic Code 5278 or Diagnostic 5283. Moreover, while, the disability could, conceivably, be rated as a residual of a foot injury under Diagnostic Code 5284, here, the demonstrated level of disability of the feet is consistent with an overall moderate foot disability for which a 10 percent rating is assigned; hence, a higher rating under that diagnostic code is not warranted. There also is no suggestion of any loss of use of the foot, so as to warrant a maximum, 40 percent rating for foot disability). See 38 C.F.R. § 4.71a. 

In assessing the severity of the Veteran's bilateral plantar fasciitis with mild pes planus, the Board has considered the Veteran's assertions regarding her symptoms, the presence of which she is competent to assert. See, e.g., Layno v. Brown, 6 Vet. App. 465, 470 (1994) and Grottveit v. Brown, 5 Vet. App. 91, 93 (1993). However, the criteria needed to support a higher or a separate rating require clinical findings that are within the province of trained medical professionals. See Jones v. Brown, 7 Vet. App. 134, 137-138 (1994). As such, the lay assertions are not considered more persuasive than the objective clinical findings which, as indicated above, do not support assignment of a higher or a separate rating for the Veteran's bilateral plantar fasciitis pursuant to any applicable criteria at any point pertinent to this appeal. 

C. Other Considerations and Conclusion

The above determinations are based on consideration of pertinent provisions of VA's rating schedule. Additionally, the Board finds that at no pertinent point has the Veteran's bilateral plantar fasciitis with mild pes planus been shown to be so exceptional or unusual as to warrant the assignment of any higher rating on an extra-schedular basis. See 38 C.F.R. § 3.321(b)(1) (cited in the March 2011 SSOC). 

The threshold factor for extra-schedular consideration is a finding on the part of the RO or the Board that the evidence presents such an exceptional disability picture that the available schedular ratings for the service-connected disabilities at issue are inadequate. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). See also 38 C.F.R. § 3.321(b)(1); VA Adjudication Procedure Manual, Pt. III, Subpart iv, Ch. 6, Sec. B(5)(c). Therefore, initially, there must be a comparison between the level of severity and the symptomatology of the claimant's disability with the established criteria provided in the rating schedule for this disability. If the criteria reasonably describe the claimant's disability level and symptomatology, then the disability picture is contemplated by the rating schedule, the assigned rating is therefore adequate, and no referral for extra-schedular consideration is required. See VAOGCPREC 6-96 (Aug. 16, 1996). Thun v. Peake, 22 Vet. App. 111 (2008).

If the rating schedule does not contemplate the claimant's level of disability and symptomatology, and is found inadequate, the RO or Board must determine whether the claimant's exceptional disability picture exhibits other related factors such as those provided by the regulation as "governing norms" (including marked interference with employment and frequent periods of hospitalization). 38 C.F.R. § 3.321(b)(1). If so, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation Service for completion of the third step: a determination of whether, to accord justice, the claimant's disability picture requires the assignment of an extra-schedular rating. Thun, supra.

In this case, the Board finds that the applicable schedular criteria are adequate to the disability currently under consideration at all points pertinent to this appeal. The rating schedule fully contemplates the described symptomatology, and provides for ratings higher than that assigned based on more significant functional impairment. Significantly, there is no medical indication or argument that the applicable criteria are otherwise inadequate to rate the bilateral plantar fasciitis with mild pes planus. 

Further, the Board notes that, pursuant to Johnson v. McDonald, 2013-7104, 2014 WL 3562218 (Fed. Cir. Aug. 6, 2014), a veteran may be awarded an extra-schedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where evaluation of the individual conditions fails to capture all the symptoms associated with service-connected disability experienced. However, in this case, even after affording the Veteran the benefit of the doubt under Mittleider v. West, 11 Vet. App. 181 (1998), there is no additional foot impairment that has not been attributed to a specific service-connected disability. Accordingly, this is not an exceptional circumstance in which extra-schedular consideration may be required to compensate the Veteran for disability that can be attributed only to the combined effect of multiple conditions.

Thus, the requirements for invoking the procedures set forth in 38 C.F.R. § 3.321(b)(1) are not met, and referral of the claim for is not met. See Bagwell v. Brown, 9 Vet. App. 337, 338-9 (1996); Floyd v. Brown, 9 Vet. App. 88, 96 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995). 

Finally, the Board notes that if the claimant or the record reasonably raises the question of whether the Veteran is unemployable due to the disability for which a higher rating is sought, then part and parcel to that claim for a higher rating is the matter of whether a total rating based on individual unemployability (TDIU) as a result of that disability is warranted. See Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board notes that the Veteran was employed as a truck driver until 2007 and that she stopped working in that capacity following a work-related back injury. The Veteran also reported that she had worked as a clerk for several months after her back injury. A December 2011 SSA decision denied the Veteran's claim for disability benefits and found that she had the residual functional capacity to perform a range of light work despite her severe impairments that included plantar fasciitis among other nonservice-connected disabilities. In addition, the December 2011 SSA decision noted that although the Veteran had testified as to her extremely limited weight-bearing capabilities, she had reported to her VA therapist that she biked "all over the city" and that she was usually able to walk for miles in a February 2010 Functional Capacity Report; as such, her reports of extreme limitation were found to be inconsistent with the evidence of record. 

Moreover, the July 2014 VA examiner found that the Veteran was able to perform light or sedentary work with no prolonged standing. In a March 2013 VA treatment note, the Veteran reported that she had been fired from her clerical job due to harassment regarding her sexual orientation. Further, in a December 2013 statement, the Veteran wrote that she was unable to accept employment that required prolonged standing but did not otherwise indicate that she was unable to work in a sedentary or light work capacity. Further, there is also no indication in the record that the Veteran's past work experience as a truck driver or clerk required prolonged standing. As such, further consideration of TDIU in connection with the higher rating claim on appeal is not warranted.

For all the foregoing reasons, the Board finds that there is no basis for staged rating of the Veteran's bilateral plantar fasciitis with mild pes planus pursuant to Hart, and that the claim for an increased rating must be denied. In reaching these conclusions, the Board has considered the applicability of the benefit-of-the-doubt doctrine, but finds that the preponderance of the evidence is against assignment of any higher rating at any pertinent point. See 38 U.S.C.A. § 5107(b); 38 C.F.R. §§ 3.102, 4.3; Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990).



ORDER

A rating in excess of 10 percent for bilateral plantar fasciitis with mild pes planus is denied.


____________________________________________
JACQUELINE E. MONROE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs